United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41379
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELESTINO TORRES-VILLA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-712-ALL
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Celestino Torres-Villa (Torres) pleaded guilty to unlawfully
re-entering the United States in violation of 8 U.S.C. § 1326(a).
Citing United States v. Booker, 543 U.S. 220 (2005), Torres first
challenges the district court's imposition of a 16-level
enhancement for a prior felony conviction pursuant to U.S.S.G.
§ 2L1.2. As the enhancement of Torres's sentence was based on a
prior conviction, there was no Sixth Amendment Booker error.
Nevertheless, in light of Booker, the application of the Guidelines

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

as mandatory was error, which this court has termed "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). We review for harmless error, and we reject Torres's contention that "Fanfan" error is structural and, therefore, insusceptible of harmless error analysis. See id. at 463-64.

The Government has failed to carry its burden of showing harmless error as it has failed to point to anything in the record that demonstrates "beyond a reasonable doubt that the district court would not have sentenced [Torres] differently had it acted under an advisory Guidelines regime." United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005). The Government's assertions that the error was harmless because the sentence was properly calculated under the Guidelines, the sentence was reasonable in light of 18 U.S.C. § 3553(a), and the district court indicated no dissatisfaction with the Guidelines, are insufficient to carry the Government's burden. See Walters, 418 F.3d at 465-66; United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).

Torres also asserts that the enhanced penalty provisions of 8 U.S.C. § 1362(b) are unconstitutional. Torres's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Torres contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains

2

binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Torres properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

For the foregoing reasons, we AFFIRM Torres's conviction.  We VACATE his sentence and REMAND to the district court for re-sentencing.